McCORD, Judge.
This is a petition for writ of common law certiorari seeking review of two orders of the trial court entered after remand of this case pursuant to our opinion in Brown v. State, 392 So.2d 280 (Fla. 1st DCA 1980). The first of these orders, entitled “Judgment on Pending Motions,” denies petitioner’s motion to withdraw his pleas of nolo contendere; denies petitioner’s motion to suppress the evidence seized pursuant to the search warrant which forms the basis for Counts I and II of the amended information; grants the motion to suppress the evidence seized upon search of the individuals’ persons and immediate area; and rules that petitioner’s motion to comply with the mandate of this Court is moot in the light of the court’s foregoing rulings and rules that petitioner should commence serving his sentence. The second of these orders, entered subsequent to our aforesaid opinion, is an order denying petitioner’s motion for discharge under Florida Rule of Criminal Procedure 3.191, the speedy trial rule. We deny certiorari.
This case has followed a long and tedious route subsequent to the judgment and sentence of appellant by the trial court on November 4, 1975. That history to the point of our remand to the trial court is related in our aforesaid opinion in Brown v. State, supra, and we therefore will not repeat it here. Following that opinion, the State sought certiorari in the United States Supreme Court and certiorari was denied. Thereafter, upon remand, the trial court entered the judgment on pending motions and the order denying discharge. Petitioner then filed with this Court a motion to enforce mandate asking that we direct the trial court to treat the judgment and sentence as being reversed and to order the trial court to discharge petitioner under Florida Rule of Criminal Procedure 3.191(g) on the ground that the petitioner had not been brought to trial within 90 days from receipt by the trial court of this Court’s mandate. Petitioner in addition filed a petition for writ of prohibition seeking an order of discharge under the aforesaid rule. We denied both the petition for writ of prohibition and the motion to enforce mandate.
*426 By the current petition for writ of certio-rari, petitioner seeks the same relief which he sought on his previous motion to enforce mandate and petition for writ of prohibition. All of these proceedings subsequent to our remand of this case have stemmed from conflicting views of petitioner on the one hand and the State and trial court on the other as to the meaning of our opinion in which we reversed and remanded the case to the trial court “with directions to grant the motion to suppress insofar as it seeks suppression of the evidence seized upon the arrest of appellant and the other individuals and to deny the motion in other respects.” Appellant construes this as a reversal of the judgment and sentence for a new trial. The trial court construed it only as stated in the above quotation from the opinion. Inasmuch as the items supporting petitioner’s convictions on Counts I and II[1] were the items seized upon execution of the warrant to search his home, the trial court in its order directed that petitioner begin serving his sentence. Those items seized in petitioner’s home included 180 pounds of marijuana, marijuana plants, marijuana pipes, marked money paid for the purchase of marijuana found in a wallet in the bedroom of the house, two sets of scales, and marijuana found in a tin container on the kitchen table.
The trial court correctly construed our opinion and mandate. We did not vacate and did not direct that the trial court vacate the judgment and sentence and grant a new trial. We reversed and remanded “for further proceedings consistent with our opinion.” Although the appeal necessarily came to us from a judgment of conviction, we reversed only the denial of the motion to suppress as to items seized upon the search of the individuals’ persons and the immediate area made at the time of the arrests. It so happened, as the trial court upon remand recognized, that the evidence supporting the conviction and which formed the basis for petitioner’s nolo contendere plea was not reversed. The trial court did not depart from the essential requirements of law. The further proceedings in the trial court following our opinion was consistent with our directions.
Petitioner further contends that the United States Supreme Court’s order, Brown v. Florida, 446 U.S. 902, 100 S.Ct. 1826, 64 L.Ed.2d 254, (referred to in Brown v. State, supra) vacated the judgment and sentence of the trial court. Such contention is incorrect — it only vacated the judgment of this Court and remanded the case to us for further consideration in light of Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The order and mandate of the United States Supreme Court filed with this Court specifically states: “[I]t is ordered and adjudged by this Court that the judgment of the District Court of Appeal of Florida, First District, in this cause is vacated, and that this cause is remanded to the District Court of Appeal of Florida, First District for further consideration . . . . ”
Certiorari denied.
MILLS and LARRY G. SMITH, JJ., concur.

. Petitioner was charged in Count I of the amended information with possession of more than five grams of marijuana with intent to sell and in Count II with possession of a device, contrivance, instrument or paraphernalia, to-wit: a pipe, with intent that said device be used for unlawfully administering marijuana.